**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NICHOLAS LAVDAS, individually and on
behalf of an entity to be formed,

        CASE NO. 05-72818
   Plaintiff,        HON. LAWRENCE P. ZATKOFF

v.

BURGER KING CORPORATION, a Florida
corporation,

   Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 14, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant Burger King Corporation's Motion to Dismiss pursuant to Rule 12(b)(6).[1] Plaintiff Nicholas Lavdas has responded and Defendant has replied to the response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

---

[1] Defendant's Motion was erroneously labeled as a Motion for Summary Judgment. Both parties agree that Defendant's Motion is, in fact, a Motion to Dismiss pursuant to Rule 12(b)(6).

## II. BACKGROUND

On January 19, 2005, Plaintiff Nicholas Lavdas and Defendant Burger King Corporation (hereinafter, "Burger King") entered into a contract for the sale of real estate located in Pontiac, Michigan. *See* Defendant's Brief, Exhibit A, Contract. Under the terms of the Contract, Burger King agreed to sell, and Plaintiff agreed to purchase, "that certain parcel of real property together with the building(s), fixture(s) and improvement(s) located thereon, if any, situated, lying and being in the City of Pontiac . . . ." *Id*, § 1.

Sometime after February 10, 2005, the building which was located on the Property was demolished by the City of Pontiac. Plaintiff's Complaint alleges that the destruction of the building was related to a September 16, 2003 finding by the City that the building was dangerous and unsafe, an attractive nuisance, full of debris, and with no working heat, plumbing or electrical. On February 18, 2005, Plaintiff sent a letter to Burger King informing it that the building had been demolished and that Plaintiff considered Burger King to be at fault for the building's destruction and to be in default under the Contract. *See* Defendant's Brief, Exhibit B, at 1. Plaintiff requested that Burger King cure the default by agreeing to construct a new building on the Property, and that if Burger King did not cure the default within ten days, it would ask a court to specifically enforce the Contract. *See id*, at 2.

On March 30, 2005, Burger King sent a letter to Plaintiff indicating that it was terminating the Contract pursuant to Section 5, which stated: "if the building(s), fixture(s) and/or improvement(s) on the Property, if any, shall be destroyed, then this Contract, at the election of either Purchaser or Seller, may be terminated by written notice to the other party . . . and neither party shall have any obligations to the other. . . ." Defendant's Brief, Exhibit C.

On July 5, 2005, Plaintiff filed this action in Oakland County Circuit Court asserting claims of specific performance (Count I), breach of contract (Count II), declaratory judgment (Count III), innocent misrepresentation (Count IV), silent fraud (Count V), and promissory estoppel (Count VI). On July 19, 2005, Defendant Burger King Corporation removed the action to federal court pursuant to federal diversity jurisdiction.

### III. LEGAL STANDARD

Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "In reviewing the motion, we must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Penny/Ohlmann/Niemann, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005).

### IV. ANALYSIS

**A. Contractual Claims**

Counts I through III (specific performance, breach of contract, and declaratory judgment) of Plaintiff's Complaint raise contractual claims. In this diversity action, the Court applies Michigan contract law in interpreting the January 19, 2005 Contract between Plaintiff Nicholas Lavdas and Defendant Burger King. "The proper interpretation of a contract is a question of law. . . ." *Wilkie*

*v. Auto-Owners Ins. Co.,* 469 Mich. 41, 47 (2003).  In examining the language of the contract, the Court gives it "its ordinary and plain meaning if such would be apparent to a reader of the instrument." *Id.* "The primary goal in the construction or interpretation of any contract is to honor the intent of the parties." *Rasheed v. Chrysler Corp.*, 445 Mich. 109, 127 (1994).  In addition, a written contract is to be construed "according to the intentions therein *expressed*, when the intentions are clear on the face of the instrument." *Birchcrest Bldg. Co. v. Plaskove*, 369 Mich. 631 (1963).

> In the present Contract, Section 5 states:
>
> If, prior to closing, any part of the Property is condemned or appropriated by a public authority or any party exercising the right of eminent domain and/or if the building(s), fixture(s) and/or improvement(s) on the Property, if any, shall be destroyed, then this Contract, at the election of either Purchaser or Seller, may be terminated by written notice to the other party, and the Deposit paid by Purchaser shall be returned, less any escrow fee, and neither party shall have any obligations to the other except as to those obligations which specifically survive termination. Should the parties elect not to terminate this Contract, the Purchase Price shall be reduced by the amount of any compensation received by Seller.

The Court finds that Section 5 is directly applicable to the present factual scenario.  In the present case, the building located on the Property was destroyed.  Pursuant to Section 5, Plaintiff as Purchaser and Burger King as Seller were each now permitted to terminate the Contract by giving written notice to the other party.  On March 30, 2005, Burger King properly exercised its right under Section 5 and terminated the Contract by giving written notice to Plaintiff.

Despite the clear language of Section 5, Plaintiff asserts that Burger King should not have been permitted to terminate the Contract.  Plaintiff argues that the Court should look to the intent of the parties and that the Court should use its discretion and grant the equitable remedy of specific performance.  *See* Plaintiff's Brief, 11-12.  The Court disagrees.  As stated above, the contractual

language of Section 5 is clear and is directly applicable to the present facts.  As the contractual language is the best expression of the parties' intent, the Court is unpersuaded that equity requires it to ignore the plain language of the Contract.

Plaintiff appears to place weight on the fact that the demolition of the building was caused through the negligence of Burger King.  *See* Plaintiff's Brief, at 11; *see also* Plaintiff's Complaint, ¶ 14.  Construing Plaintiff's allegations in the light most favorable to the Plaintiff, the Court agrees that Burger King appears to be at fault.  Nevertheless, the question of fault is immaterial to Plaintiff's contractual claims because the clear language of Section 5 places no weight on the respective faults of the parties.  Instead, it clearly indicates that if any buildings "shall be destroyed," then either party may terminate the Contract.  Had the parties wanted this provision to be contingent on which party was at fault, they could have included such language in the Contract.  Pursuant to the Contract's merger clause in Section 14, the Court finds that the absence of this language indicates that it was not part of the agreement between the parties.  *See* Contract, § 14 ("This Contract constitutes the entire contract between the parties, which incorporates all written and/or oral understandings.")

In addition to arguing that the Court should use its equitable powers to specifically enforce the Contract, Plaintiff also alleges that specific performance is proper pursuant to Section 10 of the Contract.  Section 10 states:

> In the event either party defaults under the terms and conditions of this Contract, whereby the other has a right of termination, the party not in default shall provide the defaulting party with written notice of the grounds for declaring default.  The defaulting party shall have ten (10) days after receipt of notice of default to cure the default.  If the default has not been cured within the prescribed period of time, the party not in default may terminate this Contract.  In the event this Contract is terminated as aforesaid and if Seller is the defaulting party, the parties have agreed that Purchaser shall be entitled to either: (i) terminate this Agreement and obtain a

full refund of its Deposit, or (ii) specifically enforce the terms of this Agreement. The Court finds that this Section does not apply to the present facts because Burger King was never in default under the Contract. Section 4.2 ("No Warranties) states: "Seller does not warrant, either expressly or impliedly, the condition or fitness of the Property, including the building(s), fixture(s) or improvement(s), if any, to be conveyed hereunder, or any use as to which any of the foregoing may be put." Pursuant to Section 4.1, if Plaintiff's inspection revealed conditions affecting the value of the property, Plaintiff's remedy was the right to terminate the Contract. In addition, and as discussed above, Section 5 specifically addressed the parties' rights if any buildings on the Property were destroyed. Once again, Plaintiff's sole remedy was the right to terminate the Contract. For these reasons, the Court finds that the demolition of the building on the Property did not place Burger King in default under the Contract.

For the above reasons, the Court finds that Defendant Burger King did not breach the Contract. Accordingly, Plaintiffs' contractual claims of specific performance (Count I), breach of contract (Count II), and declaratory judgment (Count III) should be dismissed.

**B. Innocent Misrepresentation**

In order to succeed on a claim of innocent misrepresentation, a plaintiff must allege that in the making of a contract there was a false and material misrepresentation, that the plaintiff detrimentally relied on the misrepresentation, and that the other party to the contract that made the false statement was unjustly enriched. *See United States Fidelity & Guaranty Co. v. Black*, 412 Mich. 99, 115-118 (1981). In the present case, Plaintiff cannot make this showing.

First, Plaintiff cannot show that there was a misrepresentation. As discussed above in Section A., the Contract explicitly stated that Burger King was providing no warranties as to the

6

condition of the Property. If the Property did not satisfy Plaintiff's inspection, or if any buildings were demolished on the Property, the Contract provided Plaintiff with the power to terminate the Contract. *See* Contract, §§ 4.1, 4.2, and 5. Furthermore, the Contract's merger clause provided that there were no other agreements between the parties. *See* Contract, § 14.

Second, even if Plaintiff could demonstrate that there was a misrepresentation by Burger King, Plaintiff still could not show that Burger King has been unjustly enriched. Following the demolition, Burger King invoked its contractual rights and terminated the Contract. Accordingly, both Plaintiff and Burger King were returned to their pre-contractual positions. Plaintiff has failed to show how any misrepresentation has benefitted Burger King. Presumably, the Property is worth less without the building than it was worth with the building. Because Plaintiff has failed to properly allege the element of unjust enrichment, Plaintiff's claim for innocent misrepresentation (Count IV) should be dismissed.

**C. Silent Fraud**

"[O]ne who remains silent when fair dealing requires him to speak may be guilty of fraudulent concealment." *Nowicki v. Podgorski*, 359 Mich. 18, 32 (1960). As a general rule, actionable fraud consists of the following elements:

> (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage.

*M&D, Inc. v. McConkey*, 231 Mich. App. 22 (1998). Under the present facts, Plaintiff has no claim for silent fraud.

As discussed above in Sections A. and B., the Contract explicitly stated that Defendant

7

Burger King was making no warranties as to the Property. *See* Contract, § 4.2. Furthermore, the Contract also stated that "Purchaser is not relying on any representation, warranty or other statement or covenant, express or implied, of Seller . . . with respect to the Property or any component thereof . . . ." *Id*. The Contract also contained a merger clause declaring that this Contract constituted the sole understanding between the parties. Plaintiff's allegation that Burger King's "agreement with [Plaintiff] created the false impression *in his mind* that the building would be part of the transaction and that it would not be demolished before closing due to [Burger King's] own negligence" is unpersuasive. *See* Plaintiff's Brief, at 18 (emphasis added). The Court is not concerned with Plaintiff's subjective mental state. The intent of the parties is clearly evidenced by the explicit language of the Contract. The Court will not permit Plaintiff to substitute his subjective belief of the agreement with the actual language and representations contained in the Contract. Because any alleged misrepresentations are in direct conflict with the explicit language of the Contract, Plaintiff's claim of silent fraud (Count V) should be dismissed.

**D. Promissory Estoppel**

Count VI of Plaintiff's Complaint asserts a claim based on the doctrine of promissory estoppel, which states:

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only be enforcement of the promise.

*Restatement (Second) of Contracts* § 90(1). Though Plaintiff correctly states the doctrine, a claim of promissory estoppel is not appropriate based on the present facts.

In its brief, Defendant Burger King correctly cites the following authority. "Promissory estoppel is not a doctrine designed to give a party to a negotiated commercial bargain a second bite

8

at the apple in the event it fails to prove breach of contract." *General Aviation, Inc. v. The Cessna Aircraft Co.*, 915 F.2d 1038, 1042 (6th Cir. 1990). "An implied contract cannot be enforced where the parties have made an express contract covering the same subject matter." *Scholz v. Montgomery Ward & Co.*, 437 Mich. 83, 93 (1991).

In the present case, promissory estoppel is an inappropriate theory of recovery because the entire agreement between Plaintiff and Burger King is clearly defined in the January 19, 2005 Contract. Plaintiff's claim is properly one for breach of contract. Accordingly, Plaintiff's claim of promissory estoppel (Count VI) should be dismissed.

## V. CONCLUSION

For the above reasons, the Court HEREBY GRANTS Defendant's Motion to Dismiss.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: December 14, 2005

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 14, 2005.

s/Marie E. Verlinde
Case Manager
(810) 984-3290